1042

Defendant cites as authority Ill. Rev. Stat., ch. 38, § 1—7(G) and related cases.*

The disposition of this contention is controlled by *People v. Nelson,* 41 Ill.2d 364, 243 N.E.2d 225, wherein the Supreme Court of Illinois held that the burden is upon defendant to present matters in mitigation and failure to do so is a waiver. (See also *People v. Fuca,* 43 Ill.2d 182, 251 N.E.2d 239.) All decisional authority cited by defendant predate the foregoing two cases, with the exception of *People v. Knighten,* 5 Ill.App.3d 640, 283 N.E.2d 738, which was contrary without citation of authority.

In view of the foregoing, the judgment is affirmed.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.

---

* It is observed that under the new "Unified Code of Corrections" effective January 1, 1973 at Chap. 38, § 1005—4—1, Smith-Hurd Annotated Statutes, (1973) the Counsel Commentaries state: "Former Illinois law provides for a hearing in aggravation and mitigation before sentencing, ch. 38 § 1—7(G) (repealed.) Section 1005—4—1 clears up any ambiguity in case law and makes this hearing mandatory whether requested by the defendant or not. ABA sentencing standards § 5.1."

THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* GEORGE W. COLES, Petitioner-Appellant.

(No. 57397;

First District (2nd Division)—December 4, 1973.

1043

PER CURIAM.
HAYES, J., took no part.

James J. Doherty, Public Defender, of Chicago (Robert Gevirtz, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Sharon Hope Grossman, Assistant State's Attorneys, of counsel), for the People.